(*Circuit Court of Cook County.*)

### J. V. Farwell & Co.

vs.

### E. Miller.

(January Term, 1878.)

JUDGMENT BY CONFESSION—PAROL EVIDENCE TO VARY WRITTEN INSTRUMENT. Oral agreement that judgment note should be held until the happening of a contingent event can be shown upon application to vacate the judgment and such evidence does not vary the written instrument.

The note on which judgment was confessed was given by defendant to plaintiff's agent, and it was orally agreed that it should be held by him until the happening of a contingent event. Before the happening of the contingency Farwell & Co. confessed judgment.

Defendant seeks to vacate judgment, stay execution, and for leave to plead.

*Edwin F. Abbott,* attorney for plaintiff.

It was contended for plaintiff that the evidence of the contemporaneous agreement was not admissible to vary the terms of the contract, it being absolute on its face.

And on the part of the defendant it was alleged that defendant did not seek to vary the terms of the agreement, *but* to show that the agreement had never taken effect; that there was an oral agreement constituting a condition precedent to the note and power of attorney becoming operative, and that

the condition had not happened, and that defendant should be allowed to interpose that defense.

*W. A. Day,* attorney for defendant.

Defendant's counsel cited the following cases: *Pym v. Campbell,* 6 Ellis & Blackb. 370; *Wallis v. Littell,* 11 C. B. N S. 369; *Clark v. Gifford,* 10 Wend. 310; 1 Greenl. on Ev., Redfield ed., sec. 284a; Stephens' Dig. of Ev., p. 89, sec. 3; *Bell v. Lord Ingestre,* 12 Q. B. 318 (E. C. L., vol. 64).

McAllister, J.:—

The defense here sought to be interposed is analogous to the delivery of a deed as an escrow. Defendant does not seek to contradict the writing, but to show that the writing never became operative.

The terms of the note cannot be varied by parol evidence; but in the present case the defense begins one step earlier. The defendant delivered the note and warrant of attorney to a third party, with the understanding that they were not to take effect except upon the happening of a contingent event, the contingent event never happened.

This is the *prima facie* case presented. I think the defendant is entitled to plead his defense, and have it submitted to a jury.